**FILED**
**Dec 04, 2025**
**01:07 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **ROBERTA DENNIS,** ) | **Docket No. 2024-30-6745** |
| **Employee,** ) | |
| **v.** ) | **State File No. 860387-2024** |
| **KNOX COUNTY SCHOOLS,** ) | |
| **Employer.** ) | **Judge Pamela B. Johnson** |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

Knox County filed a motion for summary judgment. The issue is whether Knox County demonstrated Ms. Dennis's evidence is insufficient to establish an essential element of her claim. Roberta Dennis did not respond. For the reasons below, the Court holds that Knox County is entitled to summary judgment as a matter of law.

### Claim History

Ms. Dennis worked as a custodian for Knox County. On July 26, 2023, she was using a machine to strip the floors. As she finished, she picked up a cord covered with the chemical used to strip the floors and allegedly suffered chemical burns to her hands.

In support of its summary judgment motion, Knox County filed a statement of undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03 (2024). It also relied on Ms. Dennis's responses to its requests for admissions. The relevant facts are summarized below:

Ms. Dennis alleges that she suffered injuries to both hands due to a chemical exposure at work on July 26, 2023. She alternatively alleges that she suffered bilateral carpal tunnel syndrome due to her employment. Drs. John McElligott and Benjamin Rogozinski were her authorized treating physicians.

Ms. Dennis admitted that Dr. McElligott determined, within a reasonable degree of medical certainty, the symptoms that she attributes to her alleged work-related chemical exposure did not arise primarily out of and in the course and scope of her employment.

1

Similarly, Ms. Dennis admitted that Dr. Rogozinski also concluded, within a reasonable degree of medical certainty, that her carpal tunnel symptoms did not arise primarily out of and in the course and scope of her employment.

The Court entered a Preliminary Scheduling Order requiring Ms. Dennis to disclose the names and exchange reports of all medical experts by July 31, 2025. Additionally, Knox County served expert interrogatories on Ms. Dennis, and she answered on April 23 that she had not made any decision regarding the expert witnesses she would call but agreed to timely supplement her response. However, she did not supplement her response or identify any expert witnesses.

Knox County argues that Ms. Dennis's evidence is insufficient to establish the essential element of causation required for her claim. It also asserts that the opinions of Drs. McElligott and Rogozinski affirmatively negate the essential element.

Ms. Dennis acknowledges that she was unable to secure an expert witness opinion that her injuries and symptoms are work related. Ms. Dennis also moved for a voluntary dismissal during the summary judgment motion hearing

## Analysis
### *Motion for Voluntary Dismissal*

A motion for voluntary dismissal is governed by Tennessee Rules of Civil Procedure 41.01(1) (2025) and Tennessee Compilation Rules and Regulations 0800-02-21-.24(1) (2023). These rules explicitly prohibit a trial court from granting a motion for voluntary dismissal if a motion for summary judgment is pending. *See Thomas v. Duracell-Cleveland,* 2024 TN Wrk. Comp. App. Bd. LEXIS 11, at *10 (Mar. 11, 2024).

Here, a motion for summary judgment is pending. Thus, under these rules, the request for voluntary dismissal is denied.

### *Motion for Summary Judgment*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. To prevail, Knox County must do one of two things: (1) submit affirmative evidence that negates an essential element of Ms. Dennis's claim, or (2) demonstrate that Ms. Dennis's evidence is insufficient to establish entitlement to benefits. Tenn. Code Ann. § 20-16-101 (2024); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Knox County is successful in meeting this burden, Ms. Dennis must then establish that the record contains specific facts

upon which the Court could base a decision in her favor. *Rye*, 477 S.W.3d 235 at 265.

Rule 56.03 imposes specific requirements that both the party filing and the party opposing summary judgment must meet. *Thomas v. Zipp Express*, 2017 TN Wrk. Comp. App. Bd. LEXIS 22, at *11 n.4 (Mar. 15, 2017).

Specifically, Rule 56.03 requires that Knox County file a statement of undisputed facts with citations to the record in support of its motion. Knox County did so. Ms. Dennis must then file a response to that statement of facts, stating either her agreement or disagreement with the facts. However, she did not.

Although Ms. Dennis's failure to respond does not automatically entitle Knox County to summary judgment, it does prevent her from disputing any of the facts in Knox County's statement of material facts. *See United Servs. Inds., Inc. v. Sloan*, 1988 Tenn. App. LEXIS 592, at *4 (Tenn. Ct. App. Sept. 28, 1988) (An adverse party's failure to respond to a motion for summary judgment does not relieve the moving party of the burden of establishing an entitlement to judgment as a matter of law; rather, an absence of response only precludes factual disputes.). Therefore, the facts in this case are undisputed.

However, the analysis does not stop here, as the Court must determine whether under Rule 56.06 summary judgment is "appropriate."

The essential element at issue comes from Tennessee Code Annotated section 50-6-102(12)(A)-(D), which requires an expert medical opinion that the injury, identifiable by time and place, arose primarily out of and in the course and scope of employment.

Knox County met its initial burden of demonstrating that Ms. Dennis's evidence is insufficient to establish entitlement to benefits because the authorized treating physicians determined her alleged exposure symptoms and carpal tunnel syndrome were not primarily related to her work. The burden then shifted to Ms. Dennis to present specific facts upon which the trial court could rule in her favor. She did not do so. *See Williamson v. Prof. Care Servs.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 43 (Aug. 13, 2018) (The employer offered sufficient evidence at the summary judgment stage to show that the employee could not prove an essential element of her case (causation), and the employee failed to produce evidence of a disputed issue of material fact.).

Thus, because no genuine issue of material facts exists, Knox County is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Dennis's claim is dismissed with prejudice.

2. Unless appealed, this order shall become final in 30 days.

3. The Court assesses the $150.00 filing fee against Knox County, for which execution might issue as necessary. Knox County shall pay the filing fee to the Court Clerk within five business days of the order becoming final.

4. Knox County shall file Form SD-2, Statistical Data Form, with the Court Clerk within five business days of this order becoming final.

**ENTERED December 4, 2025.**



**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

### CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on December 4, 2025.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Glen B. Rutherford, Employee's Attorney | | X | grutherford@knoxlawyers.com |
| Evan E. Hauser, Employer's Attorney | | X | evan.hauser@knoxcounty.org |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____


**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | | | | |
|---|---|---|---|---|---|
| Groceries | $ _____ per month | | Telephone | $ _____ | per month |
| Electricity | $ _____ per month | | School Supplies | $ _____ | per month |
| Water | $ _____ per month | | Clothing | $ _____ | per month |
| Gas | $ _____ per month | | Child Care | $ _____ | per month |
| Transportation | $ _____ per month | | Child Support | $ _____ | per month |
| Car | $ _____ per month | | | | |
| Other | $ _____ per month (describe: _____ ) | | | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                                              RDA 11082